10 F.3d 805
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
David LOFFREDO, Plaintiff, Appellant,
v.
NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Defendant, Appellee.
 Nos. 93-1226, 93-1636.
 United States Court of Appeals,
First Circuit.
 November 22, 1993
 
 Appeals from the United States District Court for the District of Rhode Island
 Stephen J. Fortunato, Jr. with whom Fortunato & Tarro was on brief for appellant.
 John M. Boland with whom Boyer, Reynolds & DeMarco, Ltd. was on brief for appellee.
 D.R.I.
 AFFIRMED
 Before Torruella, Circuit Judge, Rosenn,* Senior Circuit Judge, and Stahl, Circuit Judge.
 Per Curiam.
 
 
 1
 We have carefully reviewed the record in this case and are of the opinion that the contested district court findings-i.e., (1) that defendant easily met its burden of demonstrating that plaintiff had made material misrepresentations during the course of defendant's investigation of the fire underlying this litigation; and (2) that defendant easily met its burden of demonstrating that plaintiff had engaged in fraudulent conduct relating to the fire-are amply supported. Thus, because each such finding relieved defendant of liability under the fire insurance policy issued by defendant to plaintiff, the court did not err in entering judgment in favor of defendant on all counts set forth in plaintiff's complaint.
 
 
 2
 Furthermore, we agree with the district court that this case is one of those very rare instances where a shift in attorneys' fees pursuant to the inherent authority of the district court, see Jones v. Winnepesaukee Realty, 990 F.2d 1, 4 (1st Cir. 1993) ("It is beyond serious dispute that a federal court possesses inherent power to shift attorneys' fees when parties conduct litigation in bad faith."), is appropriate.[1] The record is replete with evidence that plaintiff and several of his witnesses, both prior to trial and at the trial itself, gave untruthful testimony relating to plaintiff's actions on the weekend of the fire. This testimony alone, in the context of this case, is sufficient to support the sanction imposed. Therefore, the court did not err in granting defendant's motion for sanctions against plaintiff.
 
 
 3
 Finally, we agree with the district court in its characterization of this litigation by plaintiff as truly deplorable.
 
 
 4
 Accordingly, we summarily affirm the challenged orders of the district court. See First Circuit Rule 27.1.
 
 
 5
 Affirmed.
 
 
 
 *Of the Third Circuit, sitting by designation
 
 
 [1]
 Because we find the court's fee-shifting sanction to be appropriate in both substance and amount pursuant to the court's inherent authority, we need not and do not decide whether the sanction also was authorized by Fed. R. Civ. P. 11